IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs December 12, 2001

## FLOYD CAMPBELL v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Cannon County**
**No. 99-42      J. S. Daniel, Judge**

---

**No. M2001-00408-CCA-R3-PC - Filed May 10, 2002**

---

Petitioner, alleging ineffective assistance of counsel, appeals the trial court's denial of post-conviction relief. Petitioner claims counsel failed to adequately investigate evidence and properly file a motion for new trial and an amended motion for new trial. We conclude counsel was not ineffective and affirm the post-conviction court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOE G. RILEY and JAMES CURWOOD WITT, JR., JJ., joined.

Thomas L. Whiteside, Nashville, Tennessee, for the appellant, Floyd Campbell.

Paul G. Summers, Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; William C. Whitesell, Jr., District Attorney General; and David L. Puckett, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Petitioner Dewey Floyd Campbell was convicted of rape of a child, aggravated sexual battery, and incest and received an effective sentence of twenty-two years. On January 2, 1998, petitioner filed a motion for judgment of acquittal or a new trial. On October 19, 1998, as reflected in an order issued from the trial court judge, petitioner and the State reached an agreement whereby petitioner withdrew his motion, waived his right to appeal, and the State agreed to dismiss its appeal from the imposition of concurrent sentences. Further, the State agreed not to prosecute petitioner on charges of bribing a witness. The motion for a new trial was subsequently dismissed.

On September 3, 1999, petitioner filed a petition for post-conviction relief alleging various constitutional violations including ineffective assistance of trial counsel. By preliminary order dated September 13, 1999, the trial court dismissed petitioner's petition for post-conviction relief on the

grounds that petitioner's grounds were waived as part of the dismissal of the motion for new trial. On September 14, 1999, petitioner filed a supplemental petition. By an amended order dated October 15, 1999, the trial court allowed petitioner to advance only on his claim of ineffective assistance of counsel against the attorneys who represented him at the time of sentencing and on the motion for new trial. By order dated January 16, 2001, the trial court, after an evidentiary hearing, dismissed petitioner's post-conviction petition. Petitioner timely filed a notice of appeal on February 14, 2001.

## Facts

At the post-conviction hearing, petitioner testified that his family retained counsel to represent petitioner during the sentencing hearing, motion for new trial, and his appeal. This post-trial counsel filed a motion for judgment of acquittal and a motion for new trial on petitioner's behalf. These motions were scheduled for a hearing on September 18, 1999, and petitioner stated that he met with post-trial counsel on three occasions prior to the hearings.

Petitioner testified that prior to the hearing on the motion for new trial, he again met with his attorney. He stated that he was previously informed about potential criminal charges involving the allegation that he bribed State's witnesses, including the victim and the victim's mother. The State had evidence that petitioner wrote letters to the victim and her mother stating that he would compensate them for favorable testimony in a new trial. Post-trial counsel explained to petitioner that the letters could possibly lead to additional criminal charges as they were an attempt to get the victim to recant her testimony.

Petitioner asserted that on July 17, 1998, he had a telephone conversation with the victim and the victim's mother. Petitioner stated that because he was a resident at the South Central Correctional Center in Clifton, Tennessee, all telephone calls were to be recorded. He stated that he requested his attorney to obtain a copy of the recording of the telephone conversation because it related to the letters he had written and would clear him of any bribery charges. Both petitioner and counsel failed to get a copy of the tape.

Petitioner testified that he had two days notice of the possible criminal charges before being asked to withdraw his motion for new trial and waive his right to appeal. In fact, by letter dated September 16, 1998, the assistant district attorney notified petitioner and petitioner's counsel that the State would dismiss any appeal regarding petitioner's sentence in exchange for petitioner's withdrawal of his motion for new trial and waiving his right to appeal. Petitioner stated that he wanted to speak with his family before making any final decisions, but his attorney would not allow him to do so. He stated that he wanted to delay the hearing so as to more fully investigate and determine if the letters and telephone conversation contained evidence of a crime.

Petitioner claimed that he agreed to withdraw his motion and waive his right to appeal because he was on medication for mental problems and because he was under pressure due to the threat that the letters he allegedly wrote carried the possibility of an additional conviction carrying

an additional thirty to forty years. Finally, he stated that he was scared and threatened and did not understand that he was waiving his opportunity to appeal.

Counsel testified that he represented petitioner during the sentencing hearing and motion for new trial. He stated that he met with petitioner on numerous occasions and discussed the case, as well as investigated petitioner's background and reviewed the presentence report. During the sentencing hearing, counsel succeeded in his attempt to get the trial court to impose concurrent sentences. Subsequently, the State filed a notice of appeal seeking consecutive sentencing.

Counsel testified that he discussed grounds for the motion for new trial with petitioner. He reviewed the trial transcript and the facts of the case, as well as the evidence, including a transcript of the telephone conversation in which petitioner admitted penetrating the victim. Counsel said that proof of petitioner's guilt was overwhelming. Counsel stated that as far as appealable issues, the only legitimate issue he saw was ineffective assistance of counsel. He subsequently filed a motion alleging that ground.

Counsel testified that he met with petitioner regarding letters written to the victim and the victim's mother. The first letter stated that petitioner would offer the victim and the victim's mother $3,000.00 each if the victim would recant her testimony and say petitioner did not rape her. In his second letter, petitioner asked how much money it would take for the victim to drop the charges. Petitioner also stated in a second letter to the victim's mother that he would get thirty to forty years if the victim did not drop the charges. In the third letter, petitioner asked the victim's mother to provide petitioner an alibi and even offered her his home. Petitioner also stated in that letter that he knew the alibi would be a lie and told the victim's mother not to let anyone read the letters petitioner had written. Finally, in the fourth letter, petitioner offered the victim another $1,500.00 if the victim would drop the charges.

Counsel explained to petitioner the various consequences that might result from his motion for new trial and the State's appeal. Counsel stated that he was concerned about the State's appeal and believed petitioner was in the best position possible with his sentence of twenty-two years. Counsel stated that petitioner asserted that the victim would not testify against petitioner during a retrial. However, counsel interviewed the victim, and she told him she would not lie for petitioner and her testimony would be consistent. On the day of the hearing on the motion for new trial, counsel met with petitioner for approximately thirty to forty minutes, at which time petitioner decided to withdraw his motion for new trial and waived his right to appeal.

Counsel stated that the tape-recorded conversation in which petitioner was interested would not have been admissible during the hearing on a motion for new trial. He testified he did not know if the tape even existed and said he would not have asked for it because it was not pertinent to the motion for new trial. Counsel also testified that he told petitioner that, in his opinion, petitioner should agree to withdraw his motion and waive his right to appeal because of the prospect of new criminal charges and the possibility of consecutive sentencing. Counsel stated that he left the final decision to petitioner.

At the conclusion of the hearing on the post-conviction petition, the trial court dismissed petitioner's claim.

**Analysis**

On appeal, the trial court's findings of fact are afforded the weight of a jury verdict, and this Court is bound by the trial court's findings unless the evidence in the record preponderates against those findings. Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997); Alley v. State, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997); Dixon v. State, 934 S.W.2d 69, 72 (Tenn. Crim. App. 1996). This Court may not reweigh or reevaluate the evidence, nor substitute its inferences for those drawn by the trial judge. Henley, 960 S.W.2d at 578-79; Massey v. State, 929 S.W.2d 399, 403 (Tenn. Crim. App. 1996); Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990).

This Court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994); Butler, 789 S.W.2d at 899. If the petitioner fails to prove one of the prongs of the test, this Court need not analyze further because the petitioner has then not met his burden. Burns v. State, 6 S.W.3d 453, 461 (Tenn.1999). Decisions based upon trial strategy are generally not subject to post-conviction challenge. See Goad, 938 S.W.2d at 369; Hellard v. State, 629 S.W.2d 4, 9 (Tenn 1982).

The test in Tennessee in determining whether counsel provided effective assistance is whether his performance was within the range of competence demanded of attorneys in criminal cases. Baxter, 523 S.W.2d at 936. The petitioner must overcome the presumption that counsel's conduct falls within the wide range of acceptable professional assistance. Strickland, 104 S.Ct. at 2065; Alley 958 S.W.2d 138, 149; Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App.1998).

In the instant case, petitioner, while preparing to move forward on a motion for new trial, was contacted by the State regarding additional charges of bribery. In effect, the State bargained with petitioner to drop the motion for new trial and waive his right to direct appeal in exchange for the State's agreement to not seek additional charges of bribery and waive its right to appeal petitioner's sentence. We conclude that petitioner did not prove by clear and convincing evidence that he received ineffective assistance of counsel.

*I.    Ineffective Assistance of Counsel Regarding Motions Submitted to Trial Court*

Petitioner asserts that counsel's motion for judgment of acquittal or a new trial and motion to amend motion for new trial were deficient in that they were not specific as required in State v. King, 622 S.W.2d 77 (Tenn. Crim. App. 1981), and State v. Clinton, 754 S.W.2d 100 (Tenn. Crim.

App. 1988). The trial court found that petitioner did not prove that the motions were deficient. The court noted that petitioner was critical of counsel's motions because there were no references to the record within the motions. The court also noted that petitioner alleged his counsel did not file a brief in support of the motions while counsel submitted that he did. The court stated the following:

> Apparently our records here do not show a brief in the documents here, but that's not to say that briefs are not accepted on the day of the motion for hearing and appropriate references to the record at that point are appropriate to point the Court to the parts of the record that depict error in the trial of the particular cause.

Upon review of the motion for judgment of acquittal or new trial and amended motion for new trial, we affirm the trial court's finding that counsel was not deficient in his preparation of the motions. Indeed, though the motions do not make specific reference to the record, counsel included ten grounds upon which relief was requested. Some of the grounds had sub-parts and even included as many as five sub-sections referring to the State's case. To say that the motions were not reasonably specific would be inaccurate. Further, because petitioner withdrew his motions before the trial court ruled on them, no prejudice has been demonstrated. This issue is without merit.

## II.     *Ineffective Assistance of Counsel Regarding Failure to Investigate*

Petitioner contends that counsel failed to adequately investigate charges that petitioner bribed a State's witness. Petitioner asserts that because of this failure to investigate, petitioner was pressured into both withdrawing his motion for new trial and waiving his right to direct appeal. In his brief, petitioner states that these waivers are the "functional equivalent of a plea of guilty" and were thus not done knowingly and intelligently.

This Court disagrees with petitioner's assertions and concludes that petitioner's withdrawal of his motion for new trial and waiver of his right to direct appeal were voluntarily and knowingly entered. In reaching our conclusion that petitioner's actions were not a product of coercion or pressure, we rely on evidence of the trial court proceedings. The record reflects that petitioner understood what he was doing when he withdrew his motion for new trial and waived his right to appeal. On the day of petitioner's hearing on the motion for new trial, but before the motion was heard, the following exchange took place between petitioner and his attorney on the record:

Question:     If you haven't made your decision today - - have you not made your decision at this point, Floyd? If you haven't, just tell me no, and we're going to have this motion for new trial. As I told you a little earlier, we've talked about this. I've talked about this. I've written you letters. There's not anything else we can do at this point.

Answer:     I've made my decision.

Question:     . . . But now is it your decision that you want to have your motion for a new trial or that you want to stop where we are to assure yourself of not getting any more time?

Answer:     I want to stop now.

During the hearing, the following exchange took place between petitioner and the court:

| Question: | And you've thought about the number of convictions you have and the various avenues of both appeal as well as the State's appeal and your appeal, and you've come to the conclusion that this would be the best way to resolve this; is that what you're saying? |
|---|---|
| Answer: | Yes, sir. |
| Question: | All right. Did anyone scare you or force you to make that conclusion? |
| Answer: | No, sir. |
| Question: | Is this your own independent decision? |
| Answer: | Yes, sir. |
| Question: | Have you consulted family members as well or corresponded with them? |
| Answer: | My family members? |
| Question: | Yes. |
| Answer: | No, I haven't had a chance to talk to them. |
| Question: | But you're making this decision because you are the person that is interested? |
| Answer: | Yes, sir. |
| Question: | You're the person who is convicted. You think this is the best thing for you to do. |
| Answer: | Yes, sir. |

The proof certainly indicates that petitioner acted voluntarily and understood what he was doing when he withdrew his motion for new trial and waived his right to direct appeal. Further, petitioner's failure to consult with or spend time with his family members before giving up his rights does not affect the voluntariness of his actions. We conclude that petitioner's claim is without merit.

We also conclude that counsel was not deficient in his investigation of petitioner's case. The proof introduced at trial consists of alleged telephone conversations and several letters written by petitioner to the victim and her mother offering compensation to them in hopes that petitioner could persuade the victim to change her testimony and testify in petitioner's favor. Counsel received notice that the State would forego future prosecutions regarding petitioner's actions if petitioner would waive his right to appeal and withdraw his motion for new trial. Counsel, after receiving the offer from the State, duly notified petitioner, and a deal was struck. The trial court found that "[t]he proof . . . was truly overwhelming as to his guilt of these respective offenses." We agree.

## CONCLUSION

Accordingly, we affirm the judgment of the trial court.

_____

JOHN EVERETT WILLIAMS, JUDGE